BANKERS' ACCIDENT INSURANCE COMPANY v. HERBERT A. ROGERS.

June 14, 1898.

Nos. 11,082—(124).

**Accident Mutual Insurance—Duration of Policy—Parol Evidence.**
*Held*, it does not appear from the application for insurance in a mutual company, or the policy issued thereon, or the articles of incorporation of the company, for what length of time the insurance was taken, and it is competent to prove by parol the length of time for which it was taken.

**Same—Premium Note—Consideration.**
*Held*, it conclusively appears that there was no consideration for the unpaid portion of a note claimed to have been executed for the premium.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Holt, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Jay W. Crane*, for appellant.

*Wilson & Van Derlip*, for respondent

CANTY, J.

This is an action on a promissory note for $10, and it is admitted that the sum of $2 has been paid thereon. On the trial defendant had a verdict, and from an order denying a new trial plaintiff appeals.

The order appealed from should be affirmed. The plaintiff is a mutual insurance company. Defendant testified on the trial that plaintiff's agent requested him to take accident insurance in the plaintiff company, and informed him that the total cost of procur-

ing such insurance would be $8 semiannually, and that he (defendant) agreed to take such insurance for one year; that thereupon the agent produced a printed blank containing a long list of questions, read them to defendant, wrote down the answer after each printed question, and, after they were all written down, requested defendant to sign it, which he did. He was then informed by the agent that, under the rules of the company, it was necessary for him to sign it again, which he did. It appears that one signature was written at the foot of such list of questions, and the other at the bottom of the note in suit, which was printed on the same paper immediately below the list, and is as follows:

"In consideration of membership in the Bankers' Accident Insurance Company, I hereby agree to pay to the order of said company the sum of ten dollars, payable two dollars per annum until all is paid: provided, however, that if I shall cease to be a member of said company by reason of any fault of my own, or if any instalment shall remain unpaid for thirty days after same is due, then the full amount of this note shall become due and payable at once, with usual attorney's fees. All payable at Des Moines, Iowa.

Minneapolis, Minn., 3/7th, 1895.

[Signature] Herbert A. Rogers."

On this application, a policy of insurance was issued to defendant, and he made the two semiannual payments of $8 each. He further testified that he did not know that he was signing a promissory note, and supposed that he was merely signing the application and list of questions in two places, and had never agreed to pay any such note or pay more than the two payments of $8 each. Appellant does not claim that defendant has not paid all the premiums due for one year, but counsel contends that the policy is not limited to a year, and did not terminate at the end of that time, or until it was forfeited by failure to pay the premiums some time after the end of the first year.

We need not consider whether the defense herein would avail defendant if he was not in a position to assert that the policy terminated at the end of the year. In our opinion, he was in position to assert that it did terminate at the end of the year. Neither the application nor the policy specifies the length of time which the in-

surance was to run. The application simply states: "I hereby apply for membership" in the plaintiff company. The policy states:

"In consideration of the payment of $8, one regular premium, and of such future calls as shall be made, * * * [the plaintiff] hereby accepts Herbert A. Rogers * * * as a member of said company."

In the "Conditions" on the back of the policy it is stated:

"After this contract shall have been in force for five consecutive years, it shall participate in the surplus."

And again:

"This contract and insurance, unless sooner terminated by forfeiture, cancellation or resignation, shall terminate when the insured reaches the age of 70 years."

And again:

"Any obligation accepted in lieu of cash for premium on this contract being dishonored, the insurance thereunder shall terminate and become void at noon of the day when such obligation shall become due and unpaid."

Neither do the articles of incorporation specify the length of time which membership shall continue or how it shall terminate.

Under these circumstances we cannot hold that defendant was bound by any written contract to continue as a member for a longer time than a year, or for any definite length of time. The note is not a part of the contract, is not referred to in it, and defendant did not contradict the written contract by proving that he agreed to take insurance for one year and no more, or by proving that he agreed to pay $16 for such insurance and no more. His evidence that he agreed to take insurance for one year and no more is wholly uncontradicted. In fact, the agent who was called as a witness for defendant practically admits that such is the case. It is also conceded that all of the premiums due for the first year have been paid. Then it conclusively appears that there is no consideration for the balance of the note remaining unpaid, and that plaintiff is not entitled to recover. This disposes of the case.

Order affirmed.